UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEWEY K. NESBITT,

    Petitioner,

v.                                                 Case No.  8:11-cv-2409-T-33MAP

SECRETARY, DEPT. OF CORRECTIONS,

    Respondent.
_____

**ORDER**

This cause is before the Court on Petitioner Dewey Nesbitt's 28 U.S.C. § 2254 petition challenging his 2007 judgment of conviction for aggravated assault, possession of a short barreled shotgun and shooting into a vehicle arising out of the Sixth Judicial Circuit, Pinellas County, Florida in case no CRC03-19014CFANO.  A review of the record demonstrates that the petition must be **denied.**

**PROCEDURAL HISTORY**

On November 17, 2003, the State of Florida filed charges of aggravated battery, possession of a short barreled shotgun and shooting into a vehicle against Nesbitt. (Ex.1). Nesbitt was found guilty after jury trial of the lesser included offense of aggravated assault, possession of a short barreled shotgun and shooting into a vehicle. (Ex.2, p.1).  At the July 30, 2007, sentencing hearing, the state trial court explained to Nesbitt that the jury found he possessed, discharged and caused great bodily harm with a firearm. (Ex. 3, p. 4).  The state trial court told Nesbitt that it had no discretion in giving him a 25-year minimum mandatory sentence. (Ex. 3, pp. 4-5). At the state trial court's urging, the State and Nesbitt

negotiated a sentence to avoid the 25-year minimum mandatory. (Ex. 3, pp. 5-11). At the sentencing hearing, in exchange for a sentence of 5 years incarceration on the aggravated battery charge, concurrent with a 12 years and 6 months (12.5) sentence on the possession of short barreled shotgun charge, followed by 10 years probation on the shooting into a vehicle charge, Nesbitt agreed to waive his right to appeal his sentence, directly or collaterally. (Ex. 3, pp. 6-13). The judgment and sentence order was filed on July 30, 2007. (Ex. 2).

On November 2, 2007, Nesbitt filed a petition for belated appeal in the state district court of appeal. (Ex. 4). On March 12, 2008, the state district court of appeal denied the petition. (Ex. 5). Nesbitt appealed the denial of his petition for belated appeal. (Ex. 8). On March 10, 2010, in case no. 2D10-3079, the state district court of appeal dismissed the appeal. (Ex. 9).

On August 23, 2010, Nesbitt filed a rule 3.800(a) motion to correct illegal sentence raising two claims: 1) aggravated assault is not a lesser included offense of aggravated battery; and 2) the jury was improperly instructed on the crime of aggravated assault. (Ex.10, pp.3-5). The state trial court denied the motion, stating:

> In this motion, the Defendant raises two claims for relief. The subject matter of a rule 3.800(a) motion is limited to correcting illegal sentences that can be resolved on the face of the record without holding an evidentiary hearing. *See Judge v. State*, 596 So. 2d 73, 77 (Fla. 2d DCA 1991). For purposes of rule 3.800(a), a sentence is illegal if it exceeds the statutory maximum penalty allowed by law. *Id.* It is the party seeking relief that bears the burden of demonstrating why a sentence is illegal. *See Prieto v. State*, 627 So. 2d 20 (Fla. 2d DCA 1993).
>
> However, in this case, the Defendant has waived his right to file postconviction motions. (See Exhibit C: Sentencing Hearing pp 10; 12-13). A defendant can waive his right to collaterally attack his judgment and sentence when the waiver is expressly stated in the plea agreement and he

knowingly and voluntarily agrees to the waiver. *See Stahl v. State*, 972 So. 2d 1013 (Fla. 2d DCA 2008). Here, the Defendant agreed to waive both his appellate and postconviction rights in exchange for receiving a greatly-reduced sentence. (See Exhibit C: Sentencing Hearing p. 11). While it is true that after a jury's finding of guilt, a defendant has a right to appeal and to file postconviction motions, once a defendant has time to review the plea agreement, discuss it with his lawyer, and consider the alternatives, he may waive his right to postconviction motions. *See Id.* at 1015. Since the Defendant did knowingly and voluntarily waive his right to postconviction motions in this case, including the filing of 3.800(a) motions, these claims are dismissed. However, even if the Court were to consider the Defendant's claims, they are procedurally barred and are dismissed as such.

First, the Defendant claims that the trial court erred in sentencing the Defendant on the lesser-included offense of aggravated assault under the same elements of the Florida Statutes. He claims that aggravated assault is not a lesser-included offense of aggravated battery. He claims that this was in error because there was no proof the gun involved in the crime was used. Additionally, he claims his sentences are illegal because he has no "priors" and therefore the minimum mandatory sentence should not apply to him.

The Defendant's claim is procedurally barred and is without merit. This claim amounts to an attack of his conviction, which is not a cognizable claim under rule 3.800(a). *See Shortridge v. State*, 884 So. 2d 321 (Fla. 2d DCA 2004) ("Because the two claims raised by Shortridge relate to convictions and not sentences, they are not cognizable under rule 3.800(a)."). The Defendant also appears to be making a claim of trial court error and sufficiency of the evidence. Such grounds should have been raised on direct appeal and are not proper in a motion to correct illegal sentence. *See Sampson v. State*, 845 So. 2d 271 (Fla. 2d DCA 2003); *see also Childers v. State,* 782 So. 2d 946 (Fla. 4th DCA 2001).

Insofar as the Defendant is challenging the legality of his actual sentence on the charge of aggravated assault, his claim is without merit. The Defendant was ultimately convicted of aggravated assault, a third-degree felony. Under Florida law, third-degree felonies have a statutory maximum of five years' imprisonment. See §775.082(3)(d), Fla. Stat. Specifically, the charge of aggravated assault carries an enhancement of a three-year minimum mandatory sentence under Florida's 10-20-Life law. See §775.087(2)(a)(1), Fla. Stat. That statute states that if a felon, "during the commission of the offense, such person actually possessed a "firearm"...who is convicted for aggravated assault...shall be sentenced to a minimum term of imprisonment of three years..." See §775.087(2)(a)(1)(r), Fla. Stat. Therefore, the Defendant's five-year sentence with a three-year minimum mandatory term for aggravated assault is legal. This claim is dismissed.

> The Defendant claims that the trial Court erred in instructing the jury on the offense of aggravated assault with a firearm as a lesser-included offense of aggravated battery. He claims that this argument is reviewable even though counsel did not object to the instruction. The Defendant's claim is procedurally barred. As discussed above, claims of trial court error should have been raised on direct appeal and are not now cognizable in a 3.800(a) motion. *See Childers*, 782 So. 2d at 946. Therefore, this claim is dismissed.

(Ex.11, pp.2-3).

Nesbitt appealed. The state district court of appeal per curiam affirmed the denial of relief in case no. 2D11-561. *Nesbitt v. State*, 66 So. 3d 946 (Fla. 2d DCA 2011)(table). The mandate issued August 25, 2011. (Ex.15).

## PRESENT PETITION IS UNTIMELY

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In Nesbitt's case, the state trial court entered its judgment on July 30, 2007. Nesbitt had thirty days, or until August 30, 2007, to file a notice of appeal. He did not do so. Therefore, Nesbitt's judgment became final by the conclusion of direct review on August 30, 2007. Nesbitt had one year from August 30, 2007, or until August 31, 2008, to file a

tolling motion in the state court or to file a 28 U.S.C. § 2254 petition for writ of habeas corpus. Nesbitt did neither.

Nesbitt did file a petition for belated appeal but that did not toll the AEDPA limitation period because the petition for belated appeal was denied. Pursuant to Florida Rule of Appellate Procedure Rule 9.141(c)(1), a petition for belated appeal is treated as an original proceeding. In Florida, the granting of a belated appeal, not the application for the out-of-time review, is the event that triggers review. *See Selden v. Sec'y Dep't of* Corrs., 2011 WL 1061126 at *3 (M.D. Fla., Mar. 22, 2011) (finding that idle time does not start tolling until the belated appeal is granted). Thus, the filing of the petition for belated appeal did not affect the date Nesbitt's judgment and sentence were final on direct appeal.

On October 28, 2009, Nesbitt filed a motion to request transcripts. This motion did not toll the one-year period because it does not attack the legality of Nesbitt's underlying sentence or conviction. *See Davis v. Barrow*, 540 F.3d 1323, 1324 (11th Cir. 2008) (state court motion is not tolling unless it attacks the legality of the underlying sentence or conviction).

Nesbitt filed his rule 3.800(a) motion on August 23, 2010, approximately 729 days after August 31, 2008, the date his judgment and sentence became final on direct appeal. Thus, an aggregate period of over a year elapsed during which Nesbitt did not have a tolling application pending in the state courts. Because Nesbitt's rule 3.800(a) motion was filed more than one year after Nesbitt's judgment and conviction became final on direct review, the filing of the rule 3.800(a) motion did not toll the running of the AEDPA limitations period. Any collateral proceeding filed after the limitations period has expired cannot toll the one year AEDPA limitations period because there is no longer any period to be tolled.

5

*Tinker v. Moore*, 255 F.3d 1331, 1332 (11th Cir. 2001)(A state court petition filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled.").

### Nesbitt Not Entitled to Equitable Tolling

Equitable tolling is an extraordinary remedy and sparingly applied. *Steed v. Head,* 219 F.3d 1298,1300 (11th Cir.2000). An inmate must show specific facts to support a claim of extraordinary circumstances and due diligence justifying equitable tolling. *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008). Nesbitt bears the burden of establishing both extraordinary circumstances beyond his control which prevented him from filing a timely § 2254 motion and the exercise of due diligence. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). Here, Nesbitt has not made that showing.

Although Nesbitt demonstrates, in his reply to Respondent's response, that his family retained counsel to file a rule 3.850 motion for postconviction relief (see September 12, 2008 letter from counsel attached to reply), Nesbitt does not demonstrate how hiring counsel entitles Nesbitt to equitable tolling.  Counsel requested that Nesbitt prepare a narrative "for us to review regarding not only the facts of the case, but also any legal issues that may have been raised during the course of the proceedings which you believe are now ripe for disposition in our Rule 3.850 submission."  Nesbitt has not shown that he prepared the narrative or that he or his family had any further contact with his counsel regarding filing a rule 3.850 motion for postconviction relief.

This is not a case where extraordinary circumstances prevented an otherwise diligent petitioner from timely filing his federal petition, and Nesbitt is not entitled to equitable tolling. Nesbitt's petition is untimely, warranting dismissal under § 2244(d).

## MERITS DISCUSSION

## STANDARD OF REVIEW

The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

Federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. Thus, the record under review is also limited to the record in existence at that same time. *Cullen v. Pinholster*, 131 S.Ct. 1388,

7

1398–1401 (2011). The federal court will presume the correctness of state court findings of fact unless the petitioner is able to rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## NESBITT'S GROUNDS FOR RELIEF

## GROUND ONE

**Denial of a fair sentence after waiving his right after agreeing to a ten year sentence.**

In support, Nesbitt alleges:

Petitioner alleged that during his sentencing hearing that was held on July 30, 2007, that he entered into an agreement with the State Attorney and his counsel to five years on count one, and ten years on count two, and ten years probation on count three, to waive his rights to an appellate review in writing. Also to waive his right to [sic] 3.800 an illegal sentence, and 3.850. Petitioner agreed to waive all rights for no more than the ten years that was explained to him from the beginning by his counsel. But during sentencing the trial court judge changed the sentence to twelve and a half years, two and a half years more than what was agreed upon from the beginning. Petitioner gave up his rights to be sentenced to no more than the ten year sentence.

The thrust of Nesbitt's argument is his sentencing agreement was violated because he was sentenced to a longer sentence than he desired. Nesbitt entered into a negotiated sentence and did not challenge the voluntariness of his plea in a timely motion to the state trial court after he entered into the negotiated sentence (for example, Nesbitt could have filed a motion similar to the motion to withdraw plea after sentencing available under Florida Rule of Criminal Procedure 3.170(1)). *See, e.g., Robinson v. State*, 373 So. 2d 898, 902 (Fla. 1979) ("[A]n appeal from a guilty plea should never be a substitute for a motion to withdraw a plea .... issues concerning the voluntary or intelligent character of the plea ... should first be presented to the trial court in accordance with the law and standards

pertaining to a motion to withdraw a plea."). By not preserving a constitutional claim regarding the underlying facts of his case and not briefing his concerns about the fairness of his sentence, Nesbitt deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Alternatively, Nesbitt's claim can be denied upon deferential review of the state court's decision in his rule 3.800(a) motion. In denying his motion, the postconviction court found that Nesbitt had entered into a valid waiver of appeal and postconviction rights. (Ex.11, p. 2). Sentencing agreements are similar to guilty plea agreements and both may contain waiver of rights. The Eleventh Circuit has consistently upheld plea agreements that waive appellate and postconviction rights. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) ("An appeal waiver is valid if a defendant enters into it knowingly and voluntarily. We have consistently enforced knowing and voluntary appeal waivers according to their terms.") (citations omitted).[1]

The state court's findings are presumptively correct, a presumption Nesbitt does not overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Giving the required deference to the state court's findings based on the state record, Nesbitt does not show the state decision resulted in an unreasonable application of clearly established Supreme Court law.

Ground one does not warrant habeas corpus relief.

---

[1] Further examples of appeal waiver cases in which a defendant went to trial or negotiated a sentence, although not common, include *United States v. Brown*, 415 F.3d 1257 (11th Cir. 2001) and *United States v. Williams*, 2005 WL 1540913 (11th Cir. 2005).

**GROUND TWO**

**DENIAL OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT OBJECTING TO THE TWELVE AND A HALF YEAR SENTENCE THAT WAS NOT AGREED UPON BY THE PETITIONER FOR THE WAIVING OF HIS RIGHTS.**

In support, Nesbitt alleges:

Petitioner was denied ineffective assistance of counsel when his counsel agreed with the State Attorney and the Court for Twelve and a half years on count two where trial counsel told Petitioner that he wouldn't receive [sic] no more than the ten year sentence. Petitioner states that counsel did not object to the state or the court changing the agreement that he agreed to for the waiving of his rights to his convictions and sentence.

Nesbitt claims his counsel was ineffective for not objecting to the increased sentence. Under AEDPA review of this claim, Nesbitt must meet the two-part standard for counsel's performance established by *Strickland v. Washington*, 466 U.S. 668 (1984). The burden is on Nesbitt to demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 686-88. To establish an ineffective assistance of counsel claim, a defendant must demonstrate both *Strickland* prongs: 1) deficient performance by counsel *and* 2) prejudice to the defense. *Strickland,* 466 U.S. at 687.

In *Richter*, 131 S.Ct. at 788, the Supreme Court explained the burden of a petitioner claiming ineffective assistance of his counsel:

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

Because Nesbitt complains about his counsel's negotiations during sentencing, he must demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process (or in Nesbitt's case, the sentencing negotiation process), meaning the petitioner must show 'a reasonable probability that, but for counsel's errors,' he would have entered a different plea (or negotiated sentence)." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). If Nesbitt fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other prong. *Strickland*, 466 U.S. at 690.

As to the first prong, Nesbitt does not surmount the strong presumption that his counsel's decisions were in the exercise of professional judgment. *Strickland*, 466 U.S. at 690. As to the second prong, Nesbitt claims he only wanted a 10-year sentence but he fails to show that a 10-year sentence was an option. The sentencing transcript is clear that the negotiations resulted in 12.5 years in prison followed by 10 years probation. (Ex.4, pp.5-12). The trial court questioned Nesbitt to ensure he agreed to the sentence. (Ex.4, pp.12-13). If Nesbitt had received the relief he requested, his sentence plea "would vanish" and he would again face prison time of a 25-year minimum mandatory sentence when he only received a 12.5-year sentence based on his plea at the sentencing hearing. Nesbitt has not shown that he suffered prejudice based on counsel's actions. Therefore, the ineffectiveness issue can be disposed of on *Strickland*'s prejudice prong without addressing the deficiency prong.

Ground two does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Nesbitt's petition is denied. The Clerk is directed to enter judgment against Nesbitt and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 10, 2012.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Dewey Nesbitt